# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Candace McWilliams, Jessica Lynn Dodge, ) | |
| Tiffany Smith, Traci Thompson, ) | CASE NO 19 CV 1667 |
| Mia McClintic, Stephanie Noel Simmons, ) | |
| Joseph Adkins, Monica Eldredge, ) | |
| Dakota Eldredge ) | |
|             Plaintiffs, ) | |
|     vs. ) | |
| Papis Wild Horse Inc., ) | |
| d/b/a Wild Horse Bar and Grill ) | |
| Anthony Christos, Arturo Perez, ) | |
| Lilly Macciano ) | |
| And Arturo Barranco as individuals ) | |
| under the FLSA and Illinois Wage Laws ) | |
|     ) | **JURY TRIAL DEMANDED** |
|     ) | **ON ALL COUNTS** |
|           Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiffs, Candace McWilliams, Jessica Lynn Dodge, Tiffany Smith, Traci

Thompson, Mia McClintic, Stephanie Noel Simmons, Joseph Adkins, Monica Eldredge,

Dakota Eldredge, individually by through their undersigned counsel of record, upon personal

knowledge as to those allegations in which she so possesses and upon information and belief as

to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"),

the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage

Payment and Collection Act (IWPCA) and brings this cause of action against Defendant Papis

Wild Horse Inc., d/b/a Wild Horse Bar and Grill., (hereinafter referred to as "Wild Horse")  and

against Defendants Arturo Perez, Arturo Barranco, Lilly Macciano and Anthony Christos

(hereinafter referred to as "Individual Defendants") and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiffs, Candace McWilliams, Jessica Lynn Dodge, Tiffany Smith, Traci Thompson, Mia McClintic, Stephanie Noel Simmons, Joseph Adkins, Monica Eldredge, and Dakota Eldridge allege that they, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiffs bring claims for overtime and minimum wage claims for off the clock work. Specifically that Plaintiffs had their work time reduced, or "Shaved" without their knowledge but with full knowledge and consent of the Defendants and that the Plaintiffs were not paid for all their work time and/or Defendants "Shaved" those hours/time from the employees paychecks and/or work hour records.

3. Plaintiffs' also present a claim that the Shaving of work hours reduces the Plaintiffs' rate of pay below the statutory minimum.

4. Plaintiffs were paid at a tip rate of $4.95 per hour as required by statute, the IWML and $2.13 under FLSA.

5. The Defendants' shaving/deductions reduce this rate of pay, below the statutory rate of pay. For example, if an employee punches in, and worked for 8 hours, but the Defendants shaved the work time to just 1 minute, the Plaintiff was not paid minimum wage for that shift.

6. Defendants' shaving policy and procedure also would mean the Defendants violated the tip rate regulations, in that Defendants did not pay the required tip rate of pay, via the Shaving policy and procedure, thus Defendants must pay the

difference in the rate of pay from the "tip rate" and the Minimum Wage Rate for all hours worked.

7. Plaintiffs bring claims pursuant to the Illinois Wage Payment and Collection Act (IWPCA) in that Plaintiff and Defendants had an "agreement" to be paid for all work hours and/or paid for all work hours at a set rate of pay, yet Defendants' breached that Agreement by secretly shaving work hours, and thereby reducing their rate of pay below what was Agreed and/or not paying all hours worked.

8. Lastly, three Plaintiffs, Tiffany Smith, Monica Eldredge and Jessica Lynn Dodge also bring claims of Wage Retaliation pursuant to the FLSA and/or the IWPCA.

9. Monica Eldredge complained to the owner/manager of the shaving policy in late 2018, shortly after her complaint against the shaving, Plaintiff found her hours reduced from full time to 1 shift a week. When she complained again she was fired. Plaintiff was unemployed for approximately 3 months after her wage retaliation termination.

10. Jessica Lynn Dodge was constructively discharged as she was falsely accused of theft, and was told she had to "pay it back". The compelled payment for a work error is illegal under the IWPCA and FLSA, thus the Ms. Dodge was terminated in violation of these laws.

11. Tiffany Smith likewise complained separately of the Defendants' compelled payment policy, (forcing employees to pay for "work errors") and she was fired from her employment with Defendants for that lawful complaint

12. Plaintiffs request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants,

liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

14. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA").

15. The Court is authorized to issue a declaratory judgment.

16. Venue is proper in this Court.

17. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFFS

18. Plaintiffs are residents of the State of Illinois and a former employees of the Defendants.

## DEFENDANTS' CORPORATE FACTS

19. Defendant Papis Wild Horse Inc., d/b/a Wild Horse Bar and Grill is a corporation or businesses which do business in Illinois.

## JURISDICTION

**JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY**

**ALL DEFENDANTS**

**DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND
RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN
COMMERCE**

**AND/OR INDIVIDUAL FLSA JURISDICTION**

20.     Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce.

21.     Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the sale of food and beverage items to customers.

22.     The Defendants offer retail items which were initially purchased by Defendants, transported to the Defendants retail location, stored on the Defendants premises, placed on retail shelfs within the Defendants location, offered as items for resale to the ultimate customers, and finally sold by Defendants to customers in the Defendants' retail location, including sales of those retail items by Plaintiffs to the ultimate consumers.

23.     Further Plaintiff and Class engaged in commerce via processing of sales to ultimate customers via use of those customers' credit cards which occur multiple times a day, thus via the use of credit cards, and transmittal of those transactions from state to state, the Plaintiff and class engaged in commerce, these credit card transactions were/are for both food and beverages.

24.     Here Plaintiffs sold food and beverage items that moved in interstate commerce.

## STATEMENT OF FACTS

**A.     DEFENDANTS policies and procedures and Compensation Practices fail to pay overtime wages for overtime work hours and/or pay proper overtime rate of pay and/or Minimum Wage of the Plaintiffs**

25.     Plaintiffs worked as hourly non-exempt employees.

26.     Plaintiffs were paid reduced rates, generally a "tip-rate" of $4.95 pre-hour, however some Plaintiffs were paid slightly more in different positions, such as bartenders.

27.     Plaintiffs were not paid for all work time, thus Plaintiffs were not paid proper and complete minimum wage and overtime wages.

28.     Defendants Shaved work time from each and every one of the Plaintiffs nearly each and every day of their work.

29.     This wage theft was discovered in December of 2018 and resulted in several employees confronting the Defendants.

30.     The Defendants readily admitting their wage theft and fraud, and attempted to pay off the Plaintiffs.

31.     Plaintiffs retained counsel as the payments made were insufficient for the debts owed.

32.     Defendants also compelled payments from Plaintiffs and other employees, for alleged "work errors", which is a violation of the IWPCA.

33.     The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

34.     Defendant's consented, were knowledgeable of that they were paying the overtime and minimum wages incorrectly.

35.     Plaintiffs were paid on an hourly pay rate and were classified as "non-exempt" employee by Defendant.

## DEFENDANTS's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

36.     DEFENDANTS unlawful conduct has been uniform, widespread, repeated and consistent.

37.     Defendants' willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

38.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

39.     All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
### Class Action Against Defendants
### Under the Illinois Minimum Wage Law "IMWL"

40.     Plaintiffs  reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

41.     Plaintiffs were employees of the Defendants pursuant to the IMWL.

42.    It is and was at all relevant times, a policy of DEFENDANTS to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper shaving policy and procedures and/or off-the-clock work.

43.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

44.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

45.    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Violations of the Illinois Wage Payment and Collection Act "IWPCA"

46.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

47.    Plaintiffs were employed by Defendants.

48.    It is and was at all relevant times, a policy of DEFENDANTS to take, without Agreement wages and work time.

49.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

50.    This cause of action arises out of employment contracts or agreements; written and/or oral.

51.    The named Plaintiffs were employed by Defendants.

52. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

53. Upon information and belief, all class employees of the Defendants had the same policies imposed upon its employees.

54. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

55. Plaintiffs were not independent contractors, rather were employees of the Defendants by oral agreement and/or written contract.

56. Plaintiffs' employment were in the usual course of business for which such service is performed.

57. Plaintiffs do not possess a proprietary interest in the Defendant.

58. The Defendants were "employers" under the terms of the IWPCA section 2.

59. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

60. Individual Defendants are named as an employer, as he knowingly permitted violations of the IWPCA.

## THIRD CLAIM FOR RELIEF
### Plaintiffs' FLSA Claims

61.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

62.     At all relevant times, Defendant DEFENDANTS has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

63.     At all relevant times, the work performed by the Plaintiffs were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

64.     As a result of the Defendant willful failure to record or compensate its employees – including Plaintiffs - employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

65.     As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

66.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

67. Plaintiffs seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

68. Plaintiffs seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

69. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the FLSA.

70. At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

B.     Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

C.     Compensation originating from DEFENDANTS company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

D.     An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E.     Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

F.     Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

G.     Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

H.     Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

I.     Consequential damages;

J.     Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

K.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

L.    and costs of this action; and

M.    Such other relief as this Court shall deem just and proper.

## FOURTH CLAIM
## RETALIATION FOR FLSA/OVERTIME WAGE CLAIMS
### ASSERTED BY
### PLAINTIFFS'
### Tiffany Smith, Monica Eldredge and Jessica Lynn Dodge

72.    Plaintiffs' , Tiffany Smith, Monica Eldredge and Jessica Lynn Dodge reallege and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

73.    Plaintiffs were terminated from their employment in violation of the IWPCA, as alleged elsewhere in this complaint.

74.    Defendant's retaliations were all based on Plaintiffs requests for payment of overtime wages andor minimum wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, pray for the following relief:

A.    All owed wages;

B.    All wages and tips that would have been earned, but for the retaliatory termination of Plaintiff's employment.

C.    Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

D.      Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F.      Attorneys' fees and costs of this action; and

G.      Such other relief as this Court shall deem just and proper.

H.      Legal or equitable relief as may be appropriate to **e**ffectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I.      Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J.      Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."


**Retaliatory Termination Claims brought under
Under Illinois Wage Payment and Collection Act "IWPCA"
Tiffany Smith, Monica Eldredge and Jessica Lynn Dodge**

75.      Plaintiffs **Tiffany Smith, Monica Eldredge and Jessica Lynn Dodge** reallege and incorporate by reference all the paragraphs in this complaint, as if fully set forth herein.

76.      Plaintiffs were employed by Defendants.

77. Plaintiffs were terminated from their employment with Defendants based on their complaints against the compelled payments or wage deductions; as alleged in detail in prior paragraphs of this complaint.

78. Plaintiffs' wages are not subject to deductions under Illinois Wage Payment and Collection Act (IWPCA)(nor can Defendants require its employees to pay for business expenses) as only certain deductions are allowed under Illinois law. Deductions may be made when: (1) required by law (such as taxes); (2) to the benefit of the employee (such as health insurance premiums, union dues etc.); (3) a valid wage assignment or wage deduction order is in effect; (4) made with the express written consent of the employee, given freely at the time the deduction is made. 820 ILCS 115/9. The threatened deduction of wages for Plaintiff was not 1) express, 2) given freely and 3) at the time of the deduction.

79. Further under IWPCA it is illegal to terminate an employee for expressing her rights under the IWPCA, even if she does not use that language or uses the term IWPCA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs individually, pray for the following relief:

a) Plaintiff asks the Court enter a finding that Employer violated the IWPCA;

b) Claimant asks for payment of all wages, tips and/or hours that Plaintiff would have received but for the termination of Plaintiff's employment;

c) Plaintiff asks for consequential damages.

d)      Claimant asks for payment of two percent (2%)interest penalty of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

e)      Payment of Plaintiff's Attorney Fees;

f)      Payment of Plaintiff's costs of this action;

g)      Any and all other relief as the Court finds to promote justice and equity in this matter.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 8, 2019                    Respectfully submitted,


By:          -S-John C. Ireland
             John C. Ireland

             Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL  60177
 630-464-9675        Facsimile 630-206-0889              attorneyireland@gmail.com